UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.C., a minor, through his father, B.C., as next friend, ) ) ) Plaintiff, ) ) v. ) ) STANDARD BANK & TRUST COMPANY, ) as trustee under trust agreement dated ) January 18, 2012 and known as trust number 21178, ) A.S. GAS STATION, INC., and DOES 1–5, ) ) Defendants. ) | No. 15 C 7693 Hon. Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, A.C., a minor, through his father, B.C, filed this lawsuit after A.C. experienced serious difficulty accessing a Citgo gas station and its restaurant ("Property"), because of his disability.[1] Plaintiff, who uses a wheelchair, alleges that he has been unable to utilize the goods and services offered at the Property due to architectural barriers. Plaintiff alleges that Defendants have thus violated Title III of the Americans with Disabilities Act ("ADA") and must alter the Property so as to make it accessible to disabled individuals. (Compl. ¶¶ 4–8, 12–21.)

Plaintiff sued Defendant Standard Bank & Trust Company as the trustee established by a January 18, 2012 trust agreement ("Standard Bank"). Standard Bank filed the present motion to dismiss, arguing that it cannot be held liable under the ADA because it is not the owner of the Property. (Mem. at 1–2.) Standard Bank seeks dismissal with prejudice, contingent upon its disclosure of the identity of the beneficiaries. As set forth below, we will grant the motion.

---

[1] With his complaint, Plaintiff also filed a motion to permit and require the use of his initials and his father's initials throughout these proceedings, pursuant to Rules 5.2(a) and 17(c). (Dkt. No. 3.) That motion is hereby granted.

1

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion is meant to "test the sufficiency of the complaint, not to decide the merits of the case." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not contain "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555, 127 S. Ct. at 1964.

**ANALYSIS**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, . . . or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Here, Plaintiff alleges that Standard Bank "is the trustee and legal owner of the Property," while

"A.S Gas Station, Inc. is the owner and/or landlord and/or operator of the entity doing business" on the Property.[2] (Compl. ¶ 8.) In its motion, Standard Bank contends that, as the trustee established by a land trust, it is not the owner of the Property under Illinois law and cannot be liable as an owner under the ADA.[3]

Before turning to the merits of Standard Bank's position, we note that Plaintiff failed to respond to the pending motion. "A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim." *Jones v. Connors*, 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sep. 20, 2012); *Cty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("Although the district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts, it will not invent legal arguments for litigants and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.") (internal quotation omitted); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041, 1043 (7th Cir. 1999) (failure to "respond responsively to the motion to dismiss" resulted in forfeiture of plaintiff's "right to continue litigating her claim"); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."). We construe Plaintiff's lack of opposition as a concession to the merits of the motion.

Aside from Plaintiff's waiver, however, we agree with Standard Bank. In Illinois, a land trust "is an arrangement under which legal and equitable title to real property is held by a trustee and the interest of the beneficiary is personal property." *Patrick v. Vill. Mgmt.*,

---

[2] Plaintiff has not alleged that Standard Bank leases, leases to, or operates the Property.
[3] Plaintiff does not allege what type of trust is in question. We credit Standard Bank's clarification that trust number 21178 is a land trust, rather than some other type of trust, particularly because Plaintiff has not refuted this assertion.

129 Ill. App. 3d 936, 939, 473 N.E.2d 493, 495 (1st Dist. 1984); *see People v. Chi. Title & Tr. Co.*, 75 Ill.2d 479, 487–89, 389 N.E.2d 540, 543–44 (Ill. 1979) (noting that "[t]he Illinois land trust is a unique creation of the Illinois bar"); *FirstMerit Bank, N.A. v. Soltys*, 29 N.E.3d 568, 574–76, 390 Ill. Dec. 636, 643–44 (1st Dist. 2015). The land trust serves "as a useful vehicle in real estate transactions for maintaining secrecy of ownership and allowing ease of transfer." *People*, 75 Ill.2d at 487, 389 N.E.2d at 543; *see FirstMerit Bank, N.A.*, 29 N.E.3d at 575, 390 Ill. Dec. at 643. While the trustee holds the title, the "owner of a beneficial interest in a land trust is accorded four basic powers: (1) to possess, manage, and physically control the real estate; (2) to receive all income generated by the property; (3) to direct the trustee in dealing with title . . . ; and (4) to receive the proceeds of any sale of the property . . . ." *Patrick*, 129 Ill. App. 3d at 939, 473 N.E.2d at 495; *FirstMerit Bank, N.A.*, 29 N.E.3d at 576, 390 Ill. Dec. at 644. Thus, as a practical matter, "most of the usual attributes of real property ownership are retained by the beneficiary." *People*, 75 Ill.2d at 488, 389 N.E.2d at 543; *FirstMerit Bank, N.A.*, 29 N.E.3d at 576, 390 Ill. Dec. at 644.

With these authorities in mind, the question before us then is whether Standard Bank, as trustee and titleholder, "owns" the Property for purposes of the ADA.[4] Standard Bank has not cited any cases addressing this question in the ADA context, and our research has not found any such precedent. As the Seventh Circuit recently commented, however, "any number of Illinois cases . . . in multiple contexts recognize the beneficiary of an Illinois land trust as the true owner of the land, notwithstanding the fact that it is the trustee who holds title, given that the power to direct the trustee and to possess and control the land resides with the beneficiary." *Stable Invs. P'ship v. Vilsack*, 775 F.3d 910, 916 (7th Cir. 2015); *see also In re Gladstone Glen*, 628 F.2d

---

[4] The ADA itself does not define "owns" or "owner."

1015, 1018 (7th Cir. 1980). For example, Illinois courts have consistently concluded that land trustees cannot be held liable as land owners under the Dram Shop Act, which, very generally speaking, imposes liability on bar owners for injuries caused by their intoxicated patrons. *Kulikowski v. Larson*, 305 Ill. App. 3d 110, 112–14, 710 N.E.2d 1275, 1277–79 (3d Dist. 1999); *Robinson v. Walker*, 63 Ill. App. 2d 204, 205–10, 211 N.E.2d 488, 489–91 (1st Dist. 1965); *see Story v. Latto*, 702 F. Supp. 708, 709 (N.D. Ill. 1989) ("As the holder of mere naked title, First Bank is not subject to liability under the Illinois Dram Shop Act."); *see also* 235 ILCS 5/6-21. At least one Illinois appellate court has also held that a land trustee may not be held liable in a tort action, for personal injuries caused by the condition of the property. *Brazowski v. Chi. Title & Tr. Co.*, 280 Ill. App. 293, 305–07 (1st Dist. 1935) (finding that defendant could not be liable where it "did not have possession or control of the premises nor the right to the possession and control thereof at the time of the accident"). In addition, federal courts interpreting Illinois law have concluded that land trustees cannot be liable as "owners" under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") because they are merely titleholders. *Am. Nat'l Bank & Tr. Co. of Chi. for Ill. Land Trust No. 120658-01 v. Harcros Chems., Inc.*, 95 C 3750, 1997 WL 281295, at *18 (N.D. Ill. May 20, 1997) (explaining that the trustee cannot be liable under CERCLA because it "has no control over the management of the land and receives no benefit from the land"); *U.S. v. N.L. Indus.*, 91 C 578, 1992 WL 359986, at *2 (S.D. Ill. Apr. 23, 1992).

Boiled down, these cases distinguish "between a land trust beneficiary's practical ownership of the trust property and the trustee's legal ownership of the property." *Stable Invs. P'ship*, 775 F.3d at 917; *see also Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F. Supp. 2d 962, 966–67 (S.D. Ill. 2007). Consistent with these authorities, we resolve the ownership question by

considering "whether the dispute presented here involves ownership rather than title." *Sieron*, 485 F. Supp. 2d at 967 (internal quotation omitted); *see Gladstone Glen*, 628 F.2d at 1018. Here, of course, Plaintiff's claims under the ADA are unrelated to title and stem solely from the ownership, control, and management of the Property. It is undisputed that Standard Bank, as a land trustee, does not have the authority to control, possess, or manage the Property. It can neither provide the relief sought by Plaintiff directly, nor order the beneficiaries to take any action to do so. As such, we hold that Standard Bank cannot be liable as an owner for the alleged ADA violations.

As Standard Bank suggests, however, we may order it to disclose the identity of the trust's beneficiaries prior to dismissal. (Mem. at 2.) We adopt this approach and require Standard Bank to make this disclosure by April 29, 2016.

## CONCLUSION

For the reasons discussed above, we will grant Standard Bank's motion. We order Standard Bank to disclose the identity of all beneficiaries of the January 18, 2012 land trust on or by April 29, 2016. Once that step is complete, we will dismiss all claims against Standard Bank with prejudice.

Plaintiff's motion concerning the use of initials in this matter (Dkt. No. 3) is also granted. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 11, 2016
      Chicago, Illinois